Law-Pettiford v Hamilton (2024 NY Slip Op 51851(U))

[*1]

Law-Pettiford v Hamilton

2024 NY Slip Op 51851(U)

Decided on November 6, 2024

Civil Court Of The City Of New York, Queens County

Sanchez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 6, 2024
Civil Court of the City of New York, Queens County

Dianne Law-Pettiford, Petitioner
against
Alton Hamilton, Silma Hamilton, "John" "Doe" "Jane" "Doe", Respondent(s).

Index No. LT-309920-23/QU

Enedina Pilar Sanchez, J.

Recitation, as required by CPLR 2219(a), of the papers considered in the review of this motion:
Papers Numbered
Order to show Cause/ Notice of Motion and Affidavits /Affirmations annexed 1
Answering Affidavits/ Affirmations 2
Reply Affidavits/ Affirmations 3
Procedural and Background History
The motion before the court was filed by Petitioner in this holdover case seeking a money judgment against Respondents pursuant to a two-attorney move out stipulation. It is undisputed that Respondents have vacated. Petitioner has retaken possession of the subject premises. The issues raised are for a money judgment for alleged rent arrears that were conditionally waived in the two-attorney stipulation, and Petitioner's request for an award of attorneys' fees.
This action was a holdover proceeding predicated on a sixty-day Notice of Termination. The Petition was filed on June 7, 2023 and the first court date was scheduled for July 17, 2023. The case was sent to the trial part on that date. The parties entered a two-attorney stipulation of settlement on October 31, 2023. The terms of the agreement included that a final judgment of possession would be entered in favor of the Petitioner with warrant of eviction stayed to January 31, 2024 for Respondents to vacate; all alleged rent arrears were waived except for $5,000.00 to be paid in three installments from November 2023 to January 2024; and for use and occupancy [*2]to be paid while Respondents remained in the subject premises.
According to Petitioner's motion to restore this case, and Respondents' opposition, Respondents subsequently vacated the subject premises on November 30, 2023. Respondents made payments toward the arrears as stipulated to in the agreement, however, the Respondents' final payment was $1660.66 rather than the $1666.66 per the stipulation. The final payment was made on January 6, 2024 rather than January 4, 2024. It is on this basis that Petitioner asks this Court to restore this case for a money judgment as to the previously waived arrears.
Analysis and Conclusion
This Court cannot grant Petitioner's request to restore this case. A summary proceeding where the parties have entered a stipulation of settlement, including the entry of a final judgment of possession, and Respondents have vacated the subject premises, the case is over.
Once a summary proceeding has terminated, the court lacks jurisdiction to entertain further motion practice, see, e.g., 1472 Props., LLC v. Solanki, 52 Misc 3d 139(A) [Sup Ct. App. Term 2nd Dept. 2016]. Even where the language of a stipulation may include an attempt to preserve such a right, the Housing Court lacks jurisdiction where the proceeding is no longer pending, Jung Ho Lee v. Green World Cleaners, 61 Misc 3d 155(A) [App. Term 2nd Dept. 2018] ("Once the proceeding terminated, the Civil Court lacked jurisdiction to entertain landlord's motion to, in effect, to amend the final judgment to include a monetary award for damage to the premises and for unpaid water bills, notwithstanding the attempt in the stipulation to reserve landlord's right to so move.") See also, Goldburd v. Langer 62 Misc 3d 140(A) [App. Term 2nd Dept. 2019], Felsenfeld v Rogers, 77 Misc 3d 128(A), 2022 NY Slip Op 51143(U) [App. Term 2d Dept., 9th & 10th Jud. Dists 2022].
Petitioner was previously granted a judgment of possession in this proceeding and has recovered possession of the property. Possession is the purpose of a summary proceeding. See 397 E. 49th Street LLC v. Iglesias, 71 Misc 3d 1216(A) [Civ. Ct. Kings County 2021] (dismissing a nonpayment proceeding where it was undisputed that Respondent had voluntarily vacated). As the Housing Court adjudicates summary proceedings, it does not maintain ongoing jurisdiction over further claims between the parties.
Accordingly, Petitioner's Motion Seq. No. 1 to Restore this matter is denied.
This Decision/Order will be filed to NYSCEF.
This constitutes the Decision/Order of the Court.
Dated: November 6, 2024
Queens, New York
SO ORDERED,
Hon. ENEDINA PILAR SANCHEZ
J.H.C.